# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0994V
**Filed: June 28, 2018**
UNPUBLISHED

| | |
|---|---|
| REGINA STENBERG,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 24, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") caused in fact by the influenza vaccination she received on September 15, 2016. Petition at 1, ¶¶ 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 27, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On June 27, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $58,250.43. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Case 1:17-vv-00994-UNJ  Document 33  Filed 10/10/18  Page 2 of 4

award. *Id.* at 1-2. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $58,250.43 in the form of a check payable to petitioner, Regina Stenberg.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| REGINA STENBERG, | ) ) ) | |
| Petitioner, | ) ) | No. 17-994V |
| v. | ) ) ) | Chief Special Master Dorsey ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.  Compensation for Vaccine Injury-Related Items**

On June 25, 2018, respondent concededed that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on June 27, 2018, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA").  Based on the evidence of record, respondent proffers that petitioner should be awarded $58,250.43.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.  Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $58,250.43, in the form of a check payable to petitioner.  Petitioner

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        s/ *Mallori B. Openchowski*
        MALLORI B. OPENCHOWSKI
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, DC 20044-0146
        Tel.:  (202) 305-0660

DATED: June 27, 2018